No. 05-462

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 74N

THEODORE FRANCIS RAYMOND,

Defendant and Appellant,

v.

BARBARA LYNN RAYMOND HULL,

Plaintiff and Respondent.

APPEAL FROM:     The District Court of the Twentieth Judicial District,
                 In and For the County of Lake, Cause No. DV 03-039,
                 Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                 Theodore F. Raymond, *pro se*, Pocatello, Idaho

        For Respondent:

                 John A. Mercer, Turnage & Mercer, PLLP, Polson, Montana

                                          Submitted on Briefs:  March 8, 2006

                                                    Decided:  April 18, 2006

Filed:

                 _____
                                   Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Theodore Raymond (Ted) appeals, *pro se*, from a partition order entered by the District Court for the Twentieth Judicial District, Lake County. We affirm.

¶3 We address the following issues on appeal:

¶4 1. Whether Ted's motion under Rule 59, M.R.Civ.P., was timely filed.

¶5 2. Whether the District Court abused its discretion when it denied Ted's motion under Rule 60(b), M.R.Civ.P.

### FACTUAL AND PROCEDURAL BACKGROUND

¶6 Barbara Raymond Hull (Barbara) brought this action in the District Court to partition real property owned in common with her brother Ted and their other siblings, Kathleen Raymond Taylor and Douglas Raymond. The property is an unimproved 20-acre parcel located on the Jocko River east of Arlee, Montana in Lake County.

¶7 The parties, together with another sister, Aileen Raymond Miller (Aileen), inherited 80 acres from their father. The other 60 acres were sold over the years and Aileen transferred her interest in the remaining 20 acres to Barbara. Consequently, Barbara owns a 2/5 interest in the parcel and each of the other parties owns a 1/5 interest. Only Ted objected to

2

Barbara's request to partition.

¶8 After a hearing, the District Court determined that the property was proper for partition and that each party should appoint a Referee to aid in the partitioning of the property and that those two Referees should, in turn, appoint a third. The Referees subsequently filed a report with the District Court recommending how the property should be partitioned and, on April 7, 2005, the court signed an Order adopting the Referees' report and ordering partition.

¶9 Thereafter, Ted filed several *pro se* motions with the District Court including motions for continuance, to alter or amend the judgment and for a new trial, all of which the court denied. Ted now appeals the District Court's Orders denying his Motion to Alter or Amend the Judgment and his Motion for a New Trial.

¶10 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions

## ISSUE 1

¶11 *Whether Ted's motion under Rule 59, M.R.Civ.P., was timely filed.*

¶12 Rule 59(b), M.R.Civ.P, provides that a "motion for a new trial shall be served not later than 10 days after service of notice of the entry of the judgment." The Notice of Entry of Order of Partition of Real Property was filed on April 11, 2005. Ted's Motion for a New Trial was not filed until May 16, 2005, more than 30 days later. Consequently, Ted's motion was untimely pursuant to Rule 59(b), M.R.Civ.P.

**ISSUE 2**

*¶13    Whether the District Court abused its discretion when it denied Ted's motion under Rule 60(b), M.R.Civ.P.*

¶14    This Court's standard of review of a trial court's refusal to set aside a judgment on a Rule 60(b) motion is whether the District Court abused its discretion, even slightly. *In re Marriage of Zacher*, 2004 MT 249, ¶ 7, 323 Mont. 54, ¶ 7, 98 P.3d 309, ¶ 7 (citations omitted).

¶15    Rule 60(b), M.R.Civ.P., provides, in pertinent part:

> **Mistakes -- inadvertence -- excusable neglect -- newly discovered evidence -- fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) *mistake, inadvertence, surprise, or excusable neglect*; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) *any other reason justifying relief from the operation of the judgment.* [Emphasis added.]

¶16    Although Ted argues that his attorney failed to stay in contact with him, failed to file a response to the motion requesting the District Court adopt the Referees' Report, and failed to attend the hearing, Ted's Rule 60(b) motion does not set forth excusable neglect or any other reason justifying relief from the partition order.  The record indicates that Ted's attorney worked with the Referees to a final report and was in contact with Barbara's attorney up to the day prior to the hearing.  Thus, contrary to Ted's assertions, his attorney did not totally

abandon him and disappear from sight. Unless an attorney totally abandons his client, the neglect of an attorney is attributable to the client. *In re Marriage of Castor* (1991), 249 Mont. 495, 500, 817 P.2d 665, 667-68 (citations omitted).

¶17 In addition, the judgment of a district court can be set aside for "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6), M.R.Civ.P. Generally, relief is afforded under this subsection of the Rule only "in extraordinary situations when circumstances go beyond those covered by the first five subsections or when a party in whose favor judgment was entered has acted improperly." *Castor*, 249 Mont. at 500, 817 P.2d at 668 (citations omitted). The case *sub judice* does not involve one of the extraordinary situations contemplated by subsection (b)(6) of the Rule, nor has Barbara or any of the other parties acted improperly.

¶18 Accordingly, we hold that Ted has not shown that the District Court abused its discretion in refusing to set aside the partition order under Rule 60(b), M.R.Civ.P.

¶19 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS